UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS JOVON RUTHERFORD, CDCR #BE-6676,<br><br>                                 Plaintiff,<br>vs.<br><br>S. STEADMAN, Warden; P. WINGO, ISU Officer; B. GOMEZ, C/O; C. CHADRY, C/O; ESPENO,<br><br>                               Defendants. | Case No.  3:24-cv-01627-JAH-JLB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

      Plaintiff Nicholas Jovon Rutherford, a prisoner at Salinas Valley State Prison, is proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. (*See* "Compl.," ECF No. 1 at 1.) In his Complaint, Plaintiff alleged several prison officials at Richard J. Donovan Correctional Facility in San Diego violated his constitutional rights while he was incarcerated there in October 2022. (*Id*. at 2–3.)

      Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed his Complaint, but instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.) On February 24, 2025, the Court granted Plaintiff leave to proceed IFP, but screened and dismissed his Complaint *sua sponte* for failing to state claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and

§ 1915A(b)(1).  (*See* ECF No. 3.)  Plaintiff was notified of his pleading deficiencies, and granted 45 days leave in which to file an Amended Complaint that fixed them.  (*Id.* at 6–14.)  The Court also warned Plaintiff that his failure to amend would result in the dismissal of his case.  (*Id.* at 14, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.").)

Plaintiff's Amended Complaint was due on or before April 10, 2025, and more than a month has passed since.  But to date, Plaintiff has failed to amend and has not requested an extension of time in which to do so.  "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute as required by Court's February 24, 2025 Order requiring amendment.  The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  May 21, 2025

Hon. John A. Houston
United States District Judge